EDITH H. JONES, Circuit Judge,
specially concurring:
I concur in the good opinion in this case, but I write to express my continuing dissatisfaction with this circuit’s handling of a constitutional tort for malicious prosecution. In 1991,1 questioned whether such a constitutional tort was authorized under the rubric of “substantive due process.”[1] In 1994, the U.S. Supreme Court agreed that if a constitutional tort of malicious prosecution exists at all, it would have to be based on the Fourth Amendment rather than Fourteenth Amendment substantive due process.[2] But the Albright plurality, rather than endorsing a Fourth Amendment tort of malicious prosecution, declined to address the issue.[3] Two of the justices, Kennedy and Thomas, refused to recognize any constitutional tort for malicious prosecution, inasmuch as such a claim would merely duplicate adequate state law remedies.[4] Only Justice Ginsburg, in an individual concurrence, attempted to articulate a Fourth Amendment theory of malicious prosecution.[5]
Albright has spawned controversy and confusion in the lower courts[6] — but not in this court. After initially appearing tentative on the subject,[7] this court unblushingly cited one of our earlier Fourteenth Amendment malicious prosecution cases and held that the right under the Fourth Amendment to be free from malicious prosecution was “clearly established” in this circuit.[8] Subsequent cases have elaborated on Eugene, specifying that the circuit’s malicious prosecution tort has the same elements as the relevant state law torts.[9]
The problem with the Fifth Circuit jurisprudence, as I see it, is two-fold. First, this court fails to recognize that Albright did not endorse a constitutional malicious prosecution tort at all. Second, even if Albright left room for such a claim under the Fourth Amendment, there is a significant difference between predicating the cause of action on the Fourth Amendment *343 and the Fourteenth. On the most superficial level, if the grounds for the claim under the Fourth and Fourteenth Amendments were equivalent, there would have been no need to distinguish between those amendments in Albright.
Moreover, the tort of malicious prosecution fits uneasily within the Fourth Amendment. That amendment proscribes unreasonable searches and seizures and has been held to prohibit arbitrary law-enforcement actions up until the time of arraignment. To justify a Fourth Amendment malicious prosecution claim, then, one has to extend the period of “seizure” past arraignment. Only Justice Ginsburg was willing to make this leap in Albright, and the circuit courts are divided both on the application of the Fourth Amendment post-arraignment and on whether mere requirements of the posting of bond and appearance at pretrial hearings, without more, constitute a “seizure.”[10] This court recently lined up on the side of Justice Ginsburg’s concurrence without acknowledging the basis for debate.[11] The identity of the proper defendant in a malicious prosecution claim founded on the Fourth Amendment is also a difficult question, as Justice Ginsburg and other courts have realized.[12]
As constitutional issues go, the status of a constitutional tort of malicious prosecution may seem like small potatoes. But I wish that our court had paid more attention to the ramifications of Albright. It is far from clear to me that, if Albright is harmonized with other applicable precedents concerning the Fourth Amendment, the constitutional “tort” of malicious prosecution will survive in the form we have created.
With this admonition, I concur.

. Brummett v. Cambie, 946 F.2d 1178, 1180 n. 2 (5th Cir.1991).

. See Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

. See id. at 275, 114 S.Ct. at 812.

. See id. at 281, 114 S.Ct. at 816.

. See id. at 279, 114 S.Ct. at 814.

. See, for example, the thoughtful discussions in Taylor v. Meacham, 82 F.3d 1556, 1560-61 (10th Cir.1996), and Reed v. City of Chicago, 77 F.3d 1049, 1052-54 (7th Cir.1996). See generally 1A Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation § 3.20, at 315-30 (3d ed.1997) (discussing Albright and post-Albright conflicting circuit court rulings); Pinaud v. County of Suffolk, 52 F.3d 1139, 1154 (2d Cir.1995) ("the Supreme Court's splintered decision in [Albright ] ... make[s] the status and validity of § 1983 malicious prosecution claims ... uncertain to say the least.”) (Calabresi, J.).

. See Johnson v. Louisiana Dept. of Agriculture, 18 F.3d 318, 320 (5th Cir.1994).

. Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir.1995).

. See e.g., Evans v. Ball, 168 F.3d 856, 862-63 (5th Cir.1999).

.Compare Gallo v. City of Philadelphia, 161 F.3d 217, 222-25 (3d Cir.1998) (indictment, bond, and travel restrictions constitute continuing seizure), and Murphy v. Lynn, 118 F.3d 938, 945 (2d Cir.1997) (same, over a dissent by Judge Jacobs); with Riley v. Dorton, 115 F.3d 1159, 1162-63 (4th Cir.1997) (en banc) (rejecting continuing seizure theory for claim alleging post-arrest excessive force), and Reed, 77 F.3d at 1052-54 n. 6 (questioning continuing seizure rationale). This court has held that the Fourth Amendment does not apply for purposes of excessive force claims after arrest and during pretrial detention. See Brothers v. Klevenhagen, 28 F.3d 452, 456 (5th Cir.1994).

. See Evans, 168 F.3d at 861.

. A malicious prosecution claim against police officers is “anomalous,” as Justice Ginsburg noted, Albright, 510 U.S. at 279 n. 5, 114 S.Ct. at 816 n. 5. For one thing, prosecutors will enjoy absolute immunity. See id. The Justice added that “Albright's theory raises serious questions about whether the police officer would be entitled to share in the prosecutor’s immunity.” See id.; see also Taylor, 82 F.3d at 1563; Reed, 77 F.3d at 1053.